FILED

MAY 17 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel TONI R. BARRON AND VICKY J. SCHEEL,<br><br>Plaintiff,<br><br>vs.<br><br>DELOITTE & TOUCHE, LLP, DELOITTE TOUCHE CONSULTING GROUP, LLC., DELOITTE & TOUCHE CONSULTING GROUP HOLDING, LLC, MEDICAID SOLUTIONS OF TEXAS, and NATIONAL HERITAGE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION<br>NO. SA-99-CA-1093-FB |

## PROTECTIVE ORDER

The Court hereby finds that a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is appropriate in this case.

It is hereby ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, Protected Competitive Material relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction,

nor shall anything contained in this Order prevent or in any way limit or impair the use of any such Protected Competitive Material by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of Protected Competitive Material consistent with the terms of this Order.

3.  Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to provide any document or information to the Congress pursuant to a Congressional request; provided, however, that the United States shall notify the Congressional entity requesting the documents that the Protected Competitive Material has been produced pursuant to this Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify parties of the Congressional entity's request and the United States' response thereto.

4.  "Confidential Information," as used herein, means any information of any type, kind or character which is designated "Confidential" by the producing party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential", a party will make such designation only as to that information that it in good faith believes contains confidential information entitled to protection under the provisions of Rule 26(c). Information or material which is available to the public, including catalogues, advertising materials, website postings, or materials available through FOIA or state public records laws, and the like shall not be Confidential.

5.  "Qualified Persons," as used herein means:

(a) The Court and its staff, including court reporters, Individual parties, Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation, the U.S. Attorney for this District and attorneys and employees of the U.S. Attorney for this District, the Department of Justice and attorneys and employees of the Department of Justice, the Centers for Medicare and Medicaid Services and attorneys and employees of the Centers for Medicare and Medicaid Services, and the HHS Office of the Inspector General and attorneys and employees of the HHS Office of the Inspector General;

(b) Actual or potential independent technical experts or consultants, who have signed a document to be retained by the attorneys who retained such expert or consultant agreeing to be bound by the terms of this protective order (such signed document to be retained by counsel of record for the party who retained the expert or consultant);

(c) The employee or former employee of the party (in cases where the party is a legal entity), who, prior to any disclosure of "Confidential" information to such person, shall sign a document agreeing to be bound by the terms of this protective order (such signed document to be retained by the counsel of record for the party);

(d) Witnesses and potential witnesses, provided that they have been provided a copy of this Protective Order before being given or shown any document deemed Confidential under the Protective Order; and

(e) If this Court so elects, any other person may be designated as a Qualified Person, by stipulation or order of this Court, after notice to all parties.

6. Documents produced in this action may be designated by any producing party or entity as "Confidential" information by marking each page of the document(s) so designated

with a stamp stating "Confidential – Under Protective Order." In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

7. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party may be designated by any party as "Confidential" information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

8. Any party may also designate information disclosed at such deposition as "Confidential" by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control.

9. To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential", with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" information shall have page numbers that correspond to the blank pages in the main transcript.

10. "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.

11. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party. Confidential Information shall be stamped prominently "Confidential" by the producing party, provided that such stamp

shall be placed on the document in a way that will not interfere with the legibility of the document or the ability to perform scanning or optical character recognition on the document. Parties may agree that this label may be placed on a document after an initial inspection, but all parties shall endeavor to advise what documents and what types of documents shall be marked Confidential at the time of inspection or production.

12.     Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" information, irrespective of which party produced such information.

13.     A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential," or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential." The designating party shall be required to move the Court for an order preserving the designated status of such information within thirty (30) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item. The parties may, by stipulation,

provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

14. Documents shall be designated as "Confidential" only under the following circumstances.

    (a)    Nothing shall be designated as "Confidential" information except:

        (1)    information of the most sensitive nature, which if disclosed to persons of expertise in the area would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties; or

        (2)    Personal information, including Social Security numbers, unlisted phone numbers, and information protected by the Health Insurance Portability and Accountability Act (HIPAA), (codified in scattered sections of volumes 18, 26, 29 and 42 of the United States Code), or the Family Educational Rights and Privacy Act (FERPA), 20 USC §1232g, or another State or Federal statute or regulation.

    (b)    Nothing shall be regarded as "Confidential" information if it is information that either:

        (1)    is in the public domain at the time of disclosure or was previously in the public domain (except for documents unintentionally produced without a 'confidential' designation but subsequently retroactively designated as 'confidential' pursuant to Paragraph 11), as evidenced by a written document;

        (2)    becomes part of the public domain through no fault of the other party, as evidenced by a written document;

        (3)    the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure;

        (4)    the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party; or

(5)     is comprised of summary documents that are based upon confidential information, but in and of themselves reveal no personal information, student names, etc., such as computerized summary reports of data.

15.     In the event a party wishes to use any "Confidential" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" information used therein shall be filed under seal with the Court. The parties are admonished to avoid the need to file any pleadings or other substantive materials under seal and shall cooperate by allowing for redaction or other methods to avoid filings under seal. Confidential exhibits may be separately filed in order to avoid filing a pleading under seal.

16.     The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential" information by a party to this action.

17.     Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order, except the trial of this case and any evidentiary hearing. The Court shall rule at that time what information, documents, or testimony, if any, used in the courtroom shall be subject to this Order.

18.     Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents that continue to qualify as Confidential under the Order and were produced by a party, in the possession of any of the persons qualified under Paragraphs 3(b) through (e) shall be destroyed or returned to the producing party, except as this Court may otherwise order. Attorneys may retain such

documents to the extent explicitly permitted under HIPAA, 42 U.S.C.A. §§ 1320d *et seq*. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

**SIGNED AND ENTERED** this _17th_ day of ___May___, 2006.

JUDGE FRED BIERY
UNITED STATES DISTRICT JUDGE